## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FATTIMA U. LAGAYAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:15-cv-01953-APM |
| | ) | |
| v. | ) | |
| | ) | |
| MUSTAFA ODEH, SAMA ATALLAH, | ) | |
| AND LAMA ODEH, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## PLAINTIFF FATTIMA LAGAYAN'S MOTION
## FOR COURT-ORDERED SERVICE UPON FOREIGN DEFENDANT

Plaintiff Fattima Lagayan, by and through undersigned counsel, hereby moves pursuant to Federal Rule of Civil Procedure 4(f)(3) for authorization to serve Defendant Lama Odeh, a resident of Jordan, by mail with return receipt requested.

Despite Ms. Lagayan's extensive efforts to identify contact information for Defendant Lama Odeh, she only recently obtained, via Defendants Mustafa Odeh and Sama Atallah's Rule 26(a) Initial Disclosures, served on February 10, 2016, an address for Defendant Lama Odeh in Amman, Jordan. While Ms. Lagayan is investigating the use of formal process through a letter rogatory, relying on such method as the exclusive means of service would impose significant delays on the entry of Defendant Lama Odeh into this action. Thus, Ms. Lagayan requests that this Court approve alternative service.

In support of this motion, Ms. Lagayan refers the Court to the attached memorandum of points and authorities.   A proposed order is also submitted herewith.[1]

Respectfully submitted,

Dated: February 25, 2016

  /s/ Jonathan Ference-Burke
Jonathan Ference-Burke (D.C. Bar #1001179)
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 508-4600
Facsimile:  (202) 508-4650
jonathan.ference-burke@ropesgray.com

*Attorney for Plaintiff Fattima Lagayan*

---

[1] Defendants Mustafa Odeh and Sama Atallah do not have standing to object to Ms. Lagayan's efforts to serve Lama Odeh, as litigants may generally assert "only their own legal rights and interests, and not the legal rights and interests of third parties." *Farrell v. Burke*, 449 F.3d 470, 494 (2d Cir. 2006); *see also Madu, Edozie & Madu, P.C. v. Socketworks Ltd., Nigeria*, 265 F.R.D. 106, 114 (S.D.N.Y. 2010 ("Co-defendants do not have standing to assert improper service claims on behalf of other defendants."). Ms. Lagayan has therefore not sought the position of Mustafa Odeh and Sama Atallah on the instant motion pursuant to D.D.C. Local Civil Rule 7(m).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FATTIMA U. LAGAYAN, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 1:15-cv-01953-APM |
| v. | ) ) ) | |
| MUSTAFA ODEH, SAMA ATALLAH, AND LAMA ODEH, | ) ) ) ) | |
| *Defendants*. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF FATTIMA LAGAYAN'S MOTION FOR
COURT-ORDERED SERVICE UPON FOREIGN DEFENDANT**

Plaintiff Fattima Lagayan respectfully submits this memorandum of points and authorities in support of her motion pursuant to Federal Rule of Civil Procedure 4(f)(3) for authorization to serve Defendant Lama Odeh, a resident of Jordan, by mail with return receipt requested.

**BACKGROUND**

Ms. Lagayan brought this case to recover damages and obtain equitable relief from Defendants Mustafa Odeh, Sama Atallah, and Lama Odeh for their actions in trafficking her into the United States and forcibly obtaining her uncompensated labor. *See generally* Compl. Dkt. No. 1. Ms. Lagayan effected proper service on Defendants Mustafa Odeh and Sama Atallah on November 11, 2015, *see* Dkt. Nos. 5-6; those defendants subsequently appeared, answered the complaint in part, and moved to dismiss in part. *See* Dkt. Nos. 9-10. Lama Odeh, the remaining defendant, is a citizen and resident of the Kingdom of Jordan. On February 10, 2016, as part of their initial disclosures, Defendants Mustafa Odeh and Sama Atallah disclosed that Lama Odeh resides at 7A Yousef Abu Hijelh Street, Flat No. 7, Abdoun, Amman, Jordan.

While the presumptive 90-day deadline for service in the Federal Rules of Civil Procedure "does not apply to service in a foreign country," Fed. R. Civ. P. 4(m), Ms. Lagayan nonetheless diligently pursued contact information for Lama Odeh prior to receiving the initial disclosures of the defendants who have been served.  *See* Exhibit A, Declaration of Jonathan Ference-Burke ("Ference-Burke Decl.") ¶ 3.  Among other steps, Ms. Lagayan pursued research into Lama Odeh and potential family connections via social media, general internet, and public information databases in both English and Arabic.  *Id.* ¶¶ 5-8.  These research efforts were unsuccessful and may have been complicated because, on information and belief, Lama Odeh relocates often.  *See id.* ¶ 4.  Ms. Lagayan inquired into retaining a background search firm to locate Lama Odeh, but the associated cost was prohibitive.  *Id.* ¶ 9.  Ms. Lagayan, through counsel, also had the complaint and summons translated into Arabic so that both English and Arabic copies of those filings could be served upon Ms. Odeh.  *Id.* ¶ 11.

This action is still in its early stages, making it all the more important to bring Lama Odeh into the case in the near term so that the litigation can proceed against all three defendants simultaneously.  Discovery began only recently and is scheduled to continue until June 30, 2016, and the Court suggested at the Initial Scheduling Conference that the pending motion to dismiss may not be resolved until mid-May.  This affords ample time for Ms. Lagayan to serve Lama Odeh by return-receipt mail and avoid having to delay this action to accommodate two-track litigation.

Jordan is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention").  Nor is it party to any other treaty or international convention that would govern service in this case.  *See* Bureau of Consular Affairs, Dep't of State, *Jordan: Legal Considerations* ("State Department: Jordan Legal Information") (Nov. 15, 2013), http://travel.state.gov/content/travel/en/legal-considerations/judicial/country/jordan.html.

After obtaining Lama Odeh's address on February 10, 2016, Ms. Lagayan explored potential methods of service under Federal Rule of Civil Procedure 4(f)(2).  Ms. Lagayan, through counsel, contacted the United State's State Department's Overseas Citizen Services to determine whether service by mail under Federal Rule of Civil Procedure 4(f)(2)(C)(ii) would be permissible.  Ference-Burke Decl. ¶ 10.  Overseas Citizen Services was unable to confirm that mailing a complaint and summons pursuant to Rule 4(f)(2)(C)(ii) was an authorized form of service under Jordanian law. Counsel's subsequent research likewise did not establish that service by mail pursuant to Rule 4(f)(2)(C)(ii) is prohibited by Jordanian law.  *See* State Department: Jordan Legal Information (describing status of "Service of Process by Mail" in Jordan as "N/A").

Pursuant to Federal Rule of Civil Procedure 4(f)(2)(B), Ms. Lagayan may attempt to effectuate overseas service via letter rogatory.  Ms. Lagayan is evaluating pursuing service using this method, but she expects it to take a considerable amount of time, potentially "a year or more."  *See* Bureau of Consular Affairs, Dep't of State, *Legal Considerations: Preparation of Letters Rogatory* ("State Department Letters Rogatory Guidance"), https://travel.state.gov/content/travel/en/legal-considerations/judicial/obtaining-evidence/preparation-letters-rogatory.html  (last  visited  Feb.  17, 2016).  Service by letter rogatory is also disproportionately expensive; indeed, the Department of State processing fee alone is $2,275.  *See* 22 C.F.R. § 22.1(51).  Ms. Lagayan must arrange for translation services and pay any fees imposed by Jordanian authorities.  *See* State Department Letters Rogatory Guidance.  In addition, the letter rogatory system is also wholly dependent upon the courts of Jordan agreeing to carry out the requested process.  *See id.*

## ARGUMENT

For the reasons stated below, service by return-receipt mail on Lama Odeh is a proper method of service that will expedite the entry of Lama Odeh to this case.  The Court may grant

this motion without awaiting a response from Defendants Mustafa Odeh and Sama Atallah, who do not have standing to object to Ms. Lagayan's efforts to serve Lama Odeh.

## I.   THE COURT SHOULD ORDER SERVICE BY RETURN-RECEIPT MAIL

Ms. Lagayan requests an order permitting service of process by return-receipt mail on Defendant Lama Odeh pursuant to Federal Rule of Civil Procedure 4(f)(3).   There will be no prejudice to Lama Odeh or any other defendant if this Court orders that service of process be effectuated by serving her with copies of the summons and complaint, including Arabic translations of those filings, by return-receipt mail.  To the contrary, court-ordered service is in the interest of judicial economy because it will expedite the case and allow the Court to consider all issues against all defendants at once.  Permitting service by return-receipt mail will allow the case to continue more quickly than if Ms. Lagayan were required to use a letter rogatory exclusively, which could take over a year.  In addition, permitting alternative service now, shortly after discovery has begun and while the motion to dismiss is still pending, will join Lama Odeh to the case in its nascent stages so that Ms. Lagayan can proceed against all three defendants at once, rather than requiring split-track litigation.  Bringing Lama Odeh into the case now is a simple and practical step that will avoid Ms. Lagayan from having to litigate against Defendants Mustafa Odeh and Sama Atallah now and against Lama Odeh later.

Rule 4(f)(3) facilitates service on defendants in foreign countries through the most efficient means possible.  "[W]hether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court."  *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 81 (D.C. Cir. 2014).  So long as the method of service is not prohibited by "international agreement," a plaintiff can request, and the court may order, a means of service specifically tailored to achieve service upon individuals in a foreign country.  *See*

Fed. R. Civ. P. 4(f)(3); *see also Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015) (Rule 4(f)(3) "provides the Court with . . . flexibility and discretion[,] . . . empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case" (internal citation and quotation marks omitted)).

Service pursuant to Rule 4(f)(3) is "neither a 'last resort' nor one of 'extraordinary means,' but is merely one means among several which enables service of process on an international defendant." *United States ex rel. Barko v. Halliburton Co.,* 952 F. Supp. 2d 108, 116 (D.D.C. 2013) (citing *Rio Props., Inc. v. Rio Int'l*, 284 F.3d 1007, 1014 (9th Cir. 2002)); *see also AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015) (same).  Any alternative method can be granted as long as it is "court-directed and not prohibited by an international agreement." *Rio Props.*, 284 F.3d at 1014.  A court may even direct that process be served under Rule 4(f)(3) by methods that contravene the laws of the country where the defendant to be served is located, so long as no international agreement would be violated. *Barko*, 952 F. Supp. 2d at 117.

Service by return-receipt mail is proper.  Courts have authorized service under the rule by precisely that method.  *See Nykcool A.B. v. Pac. Int'l Servs.*, No. 12 Civ. 5754 (LAK) (AJP), 2013 WL 6799973, at *5 (S.D.N.Y. Dec. 20, 2013).  Good-faith effort to serve under Rule 4(f)(2) and "mailing of . . . the complaint and summons to defendant, followed by its receipt of the return receipt, are sufficient to put defendant on notice of the pending lawsuit." *Igloo Prods. Corp. v. Thai Welltex Int'l Co.*, 379 F. Supp. 2d 18, 19-20 (D. Mass. 2005).  And other judges of this Court have authorized service by less formal methods than requested here, such as by email and facsimile, *Juniper Networks, Inc. v. Bahattab*, No. 07-1771(PLF), 2008 WL 250584, at *1-2 (D.D.C. Jan. 30, 2008), and by publication, *Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005).  Indeed, in *Barko*, Judge

Gwin authorized service by email on a defendant located in Jordan, despite the lack of authorization for service by that method under Jordanian law. 952 F. Supp. 2d at 117.

As noted above, Jordan is not a signatory to the Hague Service Convention or any other treaty that would prohibit service by the methods request. *Id.* at 116-17; *see* State Department: Jordan Legal Information. Service via the letter rogatory process authorized by Jordanian law alone will necessarily delay bringing Lama Odeh into this action for a year or more and will cause Ms. Lagayan to incur disproportionate expense. With litigation between Ms. Lagayan and the U.S.-based defendants underway, such a delay could necessitate bifurcation of the case, disrupting the orderly administration of justice and potentially prejudicing both Ms. Lagayan and the other parties. Accordingly, this Court should order service by return-receipt mail.

## II.    DEFENDANTS MUSTAFA ODEH AND SAMA ATALLAH LACK STANDING TO CONTEST THIS MOTION

Defendants Mustafa Odeh and Sama Atallah do not have standing to object to Ms. Lagayan's efforts to serve Lama Odeh, as litigants may generally assert "only their own legal rights and interests, and not the legal rights and interests of third parties." *Farrell v. Burke*, 449 F.3d 470, 494 (2d Cir. 2006); *see also Madu, Edozie & Madu, P.C. v. Socketworks Ltd., Nigeria*, 265 F.R.D. 106, 114 (S.D.N.Y. 2010) ("Co-defendants do not have standing to assert improper service claims on behalf of other defendants."). Ms. Lagayan has therefore not sought the consent of Mustafa Odeh and Sama Atallah on this motion, and the Court may grant this motion without awaiting any response from those defendants.

## III.    MS. LAGAYAN RESERVES HER RIGHTS TO SEEK ADDITIONAL COURT-ORDERED ALTERNATIVE SERVICE

Ms. Lagayan expressly reserves her rights to seek court-ordered service by additional alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3), including by email. "[I]n certain circumstances . . . , service of process via electronic mail . . . is appropriate . . . ." *See Juniper*

*Network,* 2008 WL 250584, at *1-2; *see also Barko*, 952 F. Supp. 2d at 117.  As counsel for Ms. Lagayan noted at the Initial Scheduling Conference on February 23, 2016, Ms. Lagayan does not currently have an email address for Lama Odeh but expects to obtain any available addresses during discovery.

**CONCLUSION**

For the foregoing reasons, Ms. Lagayan respectfully requests that this Court grant Ms. Lagayan's Motion for Court-Ordered Service Upon Foreign Defendant.  If this motion is granted, Ms. Lagayan will serve the summons and complaint, including Arabic translations, upon Defendant Lama Odeh expeditiously via return receipt mail.

Respectfully submitted,

Dated: February 25, 2016                **ROPES & GRAY LLP**

By:   /s/ Jonathan Ference-Burke

Jonathan Ference-Burke (D.C. Bar #1001179)
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 508-4600
Facsimile:   (202) 508-4650
jonathan.ference-burke@ropesgray.com

Joshua S. Levy (Massachusetts Bar #563017)
Admitted *Pro Hac Vice*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951-7000
Facsimile:   (617) 951-7050
joshua.levy@ropesgray.com

Martin J. Crisp (New York Bar #4230347)
Admitted *Pro Hac Vice*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036

-7-

-8-

Telephone: (212) 596-9000
Facsimile:   (212) 596-9090
martin.crisp@ropesgray.com

*Attorneys for Plaintiff Fattima Lagayan*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2016, I caused a true and correct copy of the foregoing document to be served upon all counsel of record via the ECF system.


/s/ Jonathan Ference-Burke
Jonathan Ference-Burke

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FATTIMA U. LAGAYAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:15-cv-01953-APM |
| | ) | |
| v. | ) | |
| | ) | |
| MUSTAFA ODEH, SAMA ATALLAH, | ) | |
| AND LAMA ODEH, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

### [PROPOSED] ORDER

**UPON CONSIDERATION OF** Plaintiff Fattima Lagayan's Motion for Court-Ordered Service Upon Foreign Defendant, it is hereby:

**ORDERED** that Plaintiff's Motion for Court-Ordered Service Upon Foreign Defendant is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff shall serve Defendant Lama Odeh with copies of the summons and complaint, including Arabic translations of both filings, by return-receipt mail to Lama Odeh, 7A Yousef Abu Hijelh Street, Flat No. 7, Abdoun, Amman, Jordan.

**SO ORDERED.**

_____                    _____
Date                                         HONORABLE AMIT P. MEHTA
                                             UNITED STATES DISTRICT JUDGE