UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Fattima U. Lagayan,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 15-cv-01953 (APM) |
| | ) |
| **Mustafa Odeh,** *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fattima U. Lagayan seeks an order from the court pursuant to Federal Rule of Civil Procedure 4(f)(3) that would permit her to serve putative defendant Lama Odeh, a resident of Jordan, by mail with return receipt requested. Pl.'s Mot. for Court-Ordered Service, ECF No. 18 [hereinafter Pl.'s Mot.]. For the reasons explained below, Plaintiff's motion is denied without prejudice.

Rule 4(f)(3) permits service upon a person not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders." *Id.* at 4(f)(3). In *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, 766 F.3d 74 (D.C. Cir. 2014), the Court of Appeals discussed the interplay between Rule 4(f)(3) and the law of the foreign state where the putative defendant resides. The court observed that Rule 4(f)(3) authorizes "service even if the alternative means would contravene foreign law." *Id.* at 84. The Court of Appeals cautioned, however, that, in light of international comity concerns, trial courts should avoid automatically granting alternative methods of service under Rule 4(f)(3). "'[A]n earnest effort should be made to devise a method of communication that is consistent with due

process and *minimizes offense* to foreign law.'" *Id.* (quoting Fed. R. Civ. P. 4 advisory committee's note to 1993 Amendments (emphasis added)).

Here, Plaintiff has not offered the court sufficient grounds on which it can evaluate whether the proposed method of service under Rule 4(f)(3)—mail with return receipt requested—would minimize offense to Jordanian law. Plaintiff only has represented that, based on an inquiry with the U.S. Department of State's Overseas Citizen Service, she "was unable to confirm that mailing a complaint and summons pursuant to Rule 4(f)(2)(C)(ii)"—which, "*unless prohibited by the foreign country's law*," permits international service "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," Fed. R. Civ. P. 4(f)(2)(C)(ii) (emphasis added)—"would be permissible," Pl.'s Mot. at 3. Plaintiff also has represented that, based on her counsel's research, she *has not* "establish[ed] that service by mail pursuant to Rule 4(f)(2)(C)(ii) is prohibited by Jordanian law." *Id.*

Such representations, however, are not enough to allow this court to find that service by mail would minimize offense to Jordanian law as Rule 4(f)(3) requires. *See Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, 107 F. Supp. 3d 134, 136 (D.D.C. 2015) (rejecting alternative method of service under Rule 4(f)(3) where the plaintiff "fail[ed] to provide any support for *how* its proposed method of service 'minimizes offense to Austrian law,' having provided no discussion of Austrian law and why viewed from that perspective its proposed method of service should be approved"). Simply put, Plaintiff needs to tell the court something about Jordanian law regarding service of process—perhaps through a Jordanian law expert, *see* Fed. R. Evid. 44.1—before the court can conclude that service by mail would minimize offense to that country.

In addition, the court observes that Plaintiff seeks service upon Odeh through nearly the identical method for service available under Rule 4(f)(2)(C)(ii), which, again, permits service by mail through the clerk's office, with return receipt requested and without leave of court, "unless prohibited by the foreign country's law." Fed. R. Civ. P. 4(f)(2)(C)(ii).  It cannot be, however, that a party can do an end-run around the restriction contained in Rule 4(f)(2)(C)(ii)—"unless prohibited by the foreign country's law"—simply by moving, as Plaintiff has done here, for court-authorized service under Rule 4(f)(3).  To conclude otherwise would render the restriction contained in Rule 4(f)(2)(C)(ii) a nullity.  *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (noting canon that statutes should be read to avoid making any "clause, sentence, or word . . . superfluous, void, or insignificant") (citation and internal quotation marks omitted)).  For that additional reason this court will not authorize service by mail under Rule 4(f)(3) absent some showing as to the propriety of that method of service under Jordanian law.

For the foregoing reasons, Plaintiff's Motion for Court-Ordered Service is denied without prejudice.

Dated: March 1, 2016

Amit P. Mehta
United States District Judge