**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Fattima U. Lagayan,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>            **v.** ) <br> ) <br> **Mustafa Odeh,** *et al.***,** ) <br> ) <br>     **Defendants.** ) <br> ) | Civil No. 15-cv-01953 (APM) |

**MEMORNADUM OPINION AND ORDER**

Plaintiff Fattima U. Lagayan has renewed her request, pursuant to Federal Rule of Civil Procedure 4(f), for an order that would permit her to effect service on out-of-jurisdiction Defendant Lama Odeh, a resident of Jordan.  *See* Pl.'s Renewed Mot., ECF No. 26.  Previously, the court rejected without prejudice Plaintiff's request to serve Odeh by mail with return receipt requested, because Plaintiff had not provided the court any evidence regarding the appropriateness of such method of service under Jordanian law.  *See* Order, ECF No. 19.  In her Renewed Motion, Plaintiff seeks permission to serve Odeh by personal delivery and has offered an affidavit from a Jordanian legal expert, Mr. Sahrif Ali Zu'bi, who has opined about permissible methods of service under the law of Jordan.  The court declines to grant Plaintiff's Renewed Motion under Rule 4(f)(2)(C)(i), but will allow the proposed method of service under Rule 4(f)(3).

Rule 4(f)(2)(C)(i) permits service on an individual outside the United States by "delivering a copy of the summons and of the complaint to the individual personally" "unless prohibited by the foreign country's law."  Courts have interpreted Rule 4(f)(2)(C)(i) to permit "personal service so long as the law of the foreign jurisdiction does not specifically forbid personal service."

*SEC v. Alexander*, 248 F.R.D. 108, 111 (E.D.N.Y. 2007) (citing cases).  In this case, it is not clear to the court whether Jordanian law specifically forbids serving one of its residents by personal delivery with a complaint filed in a foreign jurisdiction.  Mr. Zu'bi's affidavit states that "[s]ervice in a case heard before a court in the United States of America *can only be effected* upon a counterparty who resides in Jordan via Diplomatic Channels."  Decl. of Sharif Ali Zu'bi, ECF No. 26-1 [hereinafter Zu'bi Decl.], ¶ 33 (emphasis added); *see also id.* ¶ 14 ("As it relates to out-of-jurisdiction (international) Service, the [Civil Procedures Law] only provides for one (1) method of Service, namely Service via Diplomatic Channels.").  One way to read Mr. Zu'bi's affidavit is that, under Jordanian law, the *exclusive* means of serving a complaint filed in the United States against a person residing in Jordan is through diplomatic channels.  Absent further clarification, the court cannot find that service of a United States complaint by personal delivery is not specifically forbidden under Jordanian law.

But that conclusion does not end the court's inquiry.  Plaintiff also has sought leave to serve Odeh via personal delivery under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  In *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, 766 F.3d 74 (D.C. Cir. 2014), the Court of Appeals discussed the relationship between Rule 4(f)(3) and the law of the foreign state where the putative defendant resides.  The court observed that Rule 4(f)(3) authorizes "service even if the alternative means would contravene foreign law." *Id.* at 84.  However, in light of international comity concerns, the Court of Appeals warned, trial courts should avoid automatically granting alternative methods of service under Rule 4(f)(3).  "'[A]n earnest effort should be made to devise a method of communication that is consistent with due process and

*minimizes offense* to foreign law.'" *Id.* (quoting Fed. R. Civ. P. 4 advisory committee's note to 1993 Amendments (emphasis added)).

Here, the court is satisfied that personal delivery of the Complaint on Odeh is consistent with due process of law and would minimize offense to Jordanian law, even if such method of serving a foreign complaint is specifically forbidden.  First, service by personal delivery is, quite obviously, reasonably calculated to apprise Odeh of the "commencement of an action against" her and, therefore, satisfies the standard of due process under United States law.  *Freedom Watch*, 766 F.3d at 78 (citations and internal quotation marks omitted).  Second, Mr. Zu'bi's declaration makes clear that, under the Jordanian Civil Procedures Law, service by personal delivery is the primary method of serving process to initiate a lawsuit in the Jordanian courts.  Zu'bi Decl. ¶¶ 11, 13.  The Civil Procedures Law sets forth in detail the requirements for such service to ensure that a person receives notice that an action has been filed against her.  *Id.* ¶¶ 15-19.  Authorizing personal service of the Complaint in a manner that complies with the Civil Procedures Law, the court thus finds, would minimize offense to Jordanian law.

For the foregoing reasons, Plaintiff's Renewed Motion for Court-Ordered Service is granted.  It is further ordered that Plaintiff shall arrange for copies of the summons and complaint, including Arabic translations of both filings, to be delivered to Defendant Lama Odeh in compliance with Jordanian Civil Procedure Law No. 24 of 1988 (as amended), Articles 6/1 and 7/1.

Dated:  August 5, 2016

Amit P. Mehta
United States District Judge