**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FATTIMA U. LAGAYAN,                        )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )          Case No.  1:15-cv-01953-APM
                                          )
MUSTAFA ODEH, ET AL.,                     )
                                          )
                    Defendants.           )

**DEFENDANTS MUSTAFA ODEH AND SAMA ATALLAH'S
SUPPLEMENTAL ANSWER TO
COUNTS I-V AND VII-XII OF PLAINTIFF'S COMPLAINT**

On December 16, 2015, Defendants Mustafa Odeh ("Defendant Mustafa") and Sama

Atallah ("Defendant Atallah") filed a Motion to Dismiss Counts I-VI, IX, XII, and XIII of the

Complaint. On the same day, Defendants Mustafa and Atallah filed an Answer to Counts VII,

VIII, X, and XI of the Complaint. On August 2, 2016, the Court granted the Defendants' Motion

to Dismiss as to (1) Count VI for conspiracy under 42 U.S.C. § 1985(3); (2) Count III to the

extent Plaintiff alleges a private cause of action implied under the Thirteenth Amendment; and

(3) Count XIII for false imprisonment. (Dkt. 27.) Pursuant to Federal Rule of Civil Procedure

12(a)(4), Defendants Mustafa and Atallah,[1] by counsel, hereby submit their Supplemental

Answer responding to Counts I-V, IX, and XII of the Complaint filed by Plaintiff Fattima

Lagayan ("Plaintiff Lagayan").[2]

---

[1] The undersigned counsel represents Defendants Mustafa Odeh and Sama Atallah, but do not
represent Defendant Lama Odeh.
[2] Count XIV (Battery) of the Complaint is raised only against Defendant Lama Odeh.

1

**INTRODUCTION**

1.   The allegations in Paragraph 1 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 1 is required, it is denied.

2.   Defendants Mustafa and Atallah deny all allegations in Paragraph 2.

3.   Defendants Mustafa and Atallah deny all allegations in Paragraph 3.

4.   Defendants Mustafa and Atallah deny the allegations in the first, second, and third sentences of Paragraph 4. Defendants Mustafa and Atallah are without sufficient information to admit or deny the remaining allegations in Paragraph 4; therefore, the remaining allegations in Paragraph 4 are denied.

5.   Defendants Mustafa and Atallah admit that Plaintiff Lagayan left their house on the night of March 5, 2013, but are without sufficient information to admit or deny the remaining allegations in Paragraph 5; therefore, the remaining allegations in Paragraph 5 are denied.

6.   The allegations in Paragraph 6 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 6 is required, it is denied.

**JURISDICTION AND VENUE**

7.   Defendants Mustafa and Atallah do not contest this Court's jurisdiction over Plaintiff Lagayan's Fair Labor Standards Act ("FLSA") claim.

8.   Defendants Mustafa and Atallah do not contest venue. Defendants Mustafa and Atallah deny that they employed Plaintiff Lagayan. Defendants Mustafa and Atallah admit that they resided at 425 L Street NW, Apartment 716, Washington, DC 20001 for the relevant time period covered by the Complaint.

9.   Defendants Mustafa and Atallah do not contest this Court's personal jurisdiction over Defendants Mustafa and Atallah as to Counts VII, VIII, X, and XI. Defendants Mustafa and Atallah admit they had a previous residence in the District of Columbia. Defendants Mustafa and Atallah deny the remaining allegations of Paragraph 9.

10. The allegations of Paragraph 10 of the Complaint pertaining to the Court's jurisdiction over Defendant Lama do not pertain to Defendants Mustafa and Atallah, and as such no response is required. To the extent the Court deems a response to Paragraph 10 is required, it is denied.

## PARTIES

11. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 11; therefore, the allegations in Paragraph 11 are denied.

12. Defendants Mustafa and Atallah admit that Defendant Atallah lived at 3650 S. Glebe Road, Unit 1148, Arlington, VA 22202 from August 2013 until February 2016, and that Defendant Mustafa lived at that same address on a part-time basis from August 2013 until February 2016. Defendants Mustafa and Atallah aver that, as of the date of this filing, while in the United States, they live at 1659 Hunting Crest Way, Vienna, VA 22182. Defendants Mustafa and Atallah admit that they are citizens of the Kingdom of Jordan.[3]

13. Paragraph 13 of the Complaint does not pertain to Defendants Mustafa and Atallah, and as such no response is required. To the extent the Court deems a response to Paragraph 13 is required, it is denied and Defendants Mustafa and Atallah demand strict proof thereof.

---

[3] Defendants Mustafa and Atallah note that their response to Paragraph 12 has been amended from the Answer filed on December 16, 2015, to reflect intervening events.

# FACTS

**Early Life and Trafficking**[4]

14. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 14; therefore, the allegations in Paragraph 14 are denied.

15. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 15; therefore, the allegations in Paragraph 15 are denied.

16. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 16; therefore, the allegations in Paragraph 16 are denied.

17. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 17; therefore, the allegations in Paragraph 17 are denied.

18. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 18; therefore, the allegations in Paragraph 18 are denied.

19. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 19; therefore, the allegations in Paragraph 19 are denied.

20. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 20; therefore, the allegations in Paragraph 20 are denied.

21. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 21; therefore, the allegations in Paragraph 21 are denied.

22. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 22; therefore, the allegations in Paragraph 22 are denied.

---

[4] Defendants Mustafa and Atallah are not required to respond to the headings and sub-headings used in Plaintiff's Complaint, and they are being included in the Answer simply for the Court's ease of reference and should not be construed as an admission or denial of any information contained in the headings and sub-headings. To the extent the Court deems a response to the headings and sub-headings is required, they are denied.

23. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 23; therefore, the allegations in Paragraph 23 are denied.

24. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 24; therefore, the allegations in Paragraph 24 are denied.

25. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 25; therefore, the allegations in Paragraph 25 are denied.

26. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 26; therefore, the allegations in Paragraph 26 are denied.

**Plaintiff's Work for Defendant Lama Odeh**

27. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 27; therefore, the allegations in Paragraph 27 are denied.

28. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 28; therefore, the allegations in Paragraph 28 are denied.

29. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 29; therefore, the allegations in Paragraph 29 are denied.

30. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 30; therefore, the allegations in Paragraph 30 are denied.

31. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 31; therefore, the allegations in Paragraph 31 are denied.

32. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 32; therefore, the allegations in Paragraph 32 are denied.

33. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 33; therefore, the allegations in Paragraph 33 are denied.

34. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 34; therefore, the allegations in Paragraph 34 are denied.

35. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 35; therefore, the allegations in Paragraph 35 are denied.

36. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 36; therefore, the allegations in Paragraph 36 are denied.

**Plaintiff's Work for Defendants Mustafa Odeh and Sama Atallah**

37. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 37; therefore, the allegations in Paragraph 37 are denied.

38. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 38; therefore, the allegations in the first and second sentences of Paragraph 38 are denied. Defendants Mustafa and Atallah admit that Plaintiff Lagayan flew by herself from Jordan to Dubai on November 4, 2012, where Defendant Mustafa was waiting for her with his parents, Itidal Tubaileh and Hussein Odeh, at the airport in Dubai. Defendants Mustafa and Atallah deny the remaining allegations in Paragraph 38. Defendants Mustafa and Atallah aver that on November 1, 2012, Itidal Tubaileh purchased a round-trip ticket for Plaintiff Lagayan to travel from Jordan to JFK Airport in New York City via Dubai on November 4-5, 2012, and back from JFK to Jordan via Dubai on March 24-25, 2013. Defendants Mustafa and Atallah further aver that on November 5, 2012, Plaintiff Lagayan, Defendant Mustafa, Itidal Tubaileh, and Hussein Odeh flew from Dubai to New York City, with Plaintiff Lagayan sitting in economy class, Defendant Mustafa sitting in first class, and Defendant Mustafa's parents sitting in business class.

39. Defendants Mustafa and Atallah deny all allegations in Paragraph 39.

40. Defendants Mustafa and Atallah admit that Plaintiff Lagayan flew to the United States with Defendant Mustafa and Defendant Mustafa's parents on November 5, 2012. Defendants Mustafa and Atallah deny that Plaintiff Lagayan was taken directly to Defendant Mustafa's D.C. residence, and aver that Plaintiff Lagayan traveled with Mustafa's parents to visit their friends in New Jersey, prior to traveling to D.C. Defendants Mustafa and Atallah admit that they lived at 425 L Street NW, Apt. 716, Washington, DC 2001 on November 5, 2012. Defendants Mustafa and Atallah deny that Plaintiff Lagayan began to work for them on or around November 5, 2012.

41. Defendants Mustafa and Atallah admit that Plaintiff Lagayan lived in their home from approximately November 5, 2012 until March 5, 2013. Defendants Mustafa and Atallah deny the remaining allegations of Paragraph 41. Defendants Mustafa and Atallah aver that Plaintiff Lagayan was employed by Defendant Lama Odeh and/or Itidal Tubaileh from November 5, 2012 to March 5, 2013, to provide care and assistance for Itidal Tubaileh.

42. Defendants Mustafa and Atallah admit that Defendant Atallah lived in the apartment during this time period, along with Defendant Mustafa's parents and her infant son. Defendants Mustafa and Atallah admit that Defendant Mustafa lived in the apartment on a part-time basis during this time period.

43. Defendants Mustafa and Atallah deny all allegations in Paragraph 43.

44. Defendants Mustafa and Atallah deny the allegations in Paragraph 44 and demand strict proof thereof. Defendants Mustafa and Atallah aver that Plaintiff Lagayan did provide care and assistance for Defendant Mustafa's mother, Itidal Tubaileh, pursuant to her employment with Defendant Lama Odeh and/or Itidal Tubaileh, which at times included massage and the application of medication. Defendants Mustafa and Atallah further aver that Plaintiff Lagayan did not provide childcare for their son. From September 1, 2012 to December 25, 2012, they

employed a full-time nanny for their infant child. In December 2012, Defendant Atallah was assigned to a rotation in her medical residency that required her to work 14 to 15 hours days, four times a week, so Defendants Mustafa and Atallah hired a second nanny to cover the additional hours of caring for their son. From December 25, 2012 until March 4, 2013, Defendants Mustafa and Atallah did not have a nanny, so they and Itidal Tubaileh cared for their son during that time. Defendant Atallah had a break from work from December 25, 2012 until January 4, 2013, and Defendant Mustafa was in Washington, D.C. from December 27, 2012 until January 17, 2013. From January 17, 2013 until February 27, 2013, Defendant Mustafa's mother, Itidal Tubaileh, was fully responsible for caring for the baby when Defendant Atallah was at work, and she never left the baby alone with Plaintiff Lagayan. Defendant Mustafa returned to Washington, D.C. on February 27, 2013, and was still in D.C. when Plaintiff Lagayan left the home on March 5, 2013.

45. Defendants Mustafa and Atallah admit that Defendant Atallah was in her medical residency during the time period of November 5, 2012 to March 5, 2013. Defendants Mustafa and Atallah deny the remaining allegations of Paragraph 45. Defendants Mustafa and Atallah aver that in February and early March 2013, there were occasional nights when Defendant Atallah worked overnight shifts from 9 p.m. to noon or 1 p.m. the next day, and during that time, Defendant Mustafa and Defendant Mustafa's mother was responsible for caring for their son while Defendant Atallah was at work.

46. Defendants Mustafa and Atallah deny all allegations in Paragraph 46.

47. Defendants Mustafa and Atallah deny the allegations in the first sentence of Paragraph 47. Defendants Mustafa and Atallah are without sufficient information to admit or deny the

allegations in the second sentence in Paragraph 47; therefore, the allegations in the second sentence of Paragraph 47 are denied.

48. Defendants Mustafa and Atallah admit that a key card was required to take the elevator up to a residence floor in their apartment building, but deny that a key card was required to leave the building and deny that Plaintiff Lagayan did not have access to the key card. The remaining allegations in Paragraph 48 are denied.

49. Defendants Mustafa and Atallah deny the allegations in the first sentence of Paragraph 49. Defendants Mustafa and Atallah are without sufficient information to admit or deny the remaining allegations in Paragraph 49; therefore, the remaining allegations in Paragraph 49 are denied.

50. Defendants Mustafa and Atallah deny the allegations in Paragraph 50.

51. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in the first, second, and last sentences of Paragraph 51; therefore, the allegations in the first, second, and last sentences of Paragraph 51 are denied. Defendants Mustafa and Atallah deny the remaining allegations in Paragraph 51.

52. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 52; therefore, the allegations in Paragraph 52 are denied.

**Escape from Defendants Mustafa and Atallah**

53. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 53; therefore, the allegations in Paragraph 53 are denied.

54. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 54; therefore, the allegations in Paragraph 54 are denied.

55. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 55; therefore, the allegations in Paragraph 55 are denied. Defendants Mustafa and Atallah admit that Plaintiff Lagayan left their home during the night on March 5, 2013, and never returned.

56. Defendants Mustafa and Atallah are without sufficient information to admit or deny the allegations in Paragraph 56; therefore, the allegations in Paragraph 56 are denied.

**Summary**

57. Defendants Mustafa and Atallah deny that they ever employed Plaintiff Lagayan or otherwise owe her any compensation. Defendants Mustafa and Atallah are without sufficient information to admit or deny whether Plaintiff Lagayan was compensated for her last four months of work for Defendant Lama Odeh in Jordan; therefore, the allegation is denied.

58. The allegations in Paragraph 58 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 58 is required, Defendants Mustafa and Atallah deny that they ever employed Plaintiff Lagayan and, as such, the requirements of the cited regulations do not apply to them.

59. Defendants Mustafa and Atallah deny the allegations of Paragraph 59.

60. The allegations in Paragraph 60 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 60 is required, Defendants Mustafa and Atallah deny that they ever employed Plaintiff Lagayan and, as such, the requirements of the cited regulations do not apply to them.

61. Defendants Mustafa and Atallah deny the allegations of Paragraph 61.

## COUNT I

**VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT:
TRAFFICKING WITH RESPECT TO INVOLUNTARY SERVITUDE
OR FORCED LABOR, 18 U.S.C. § 1590**

62. Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

63. The allegations in Paragraph 63 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 63 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 63.

64. The allegations in Paragraph 64 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 64 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 64.

65. The allegations in Paragraph 65 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 65 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 65.

66. The allegations in Paragraph 66 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 66 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 66.

## COUNT II

**VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT:
FORCED LABOR, 18 U.S.C. § 1589**

67. Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

68. The allegations in Paragraph 68 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 68 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 68.

69. The allegations in Paragraph 69 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 69 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 69.

70. Defendants Mustafa and Atallah deny the allegations in Paragraph 70.

71. The allegations in Paragraph 71 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 71 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 71 as to any promises allegedly made by them. Defendants Mustafa and Atallah are without sufficient information to admit or deny whether Defendant Lama made any of the alleged promises; therefore, the allegations as to Defendant Lama's alleged statements in Paragraph 71 are denied.

72. Defendants Mustafa and Atallah deny the allegations in Paragraph 72.

73. The allegations in Paragraph 73 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 73 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 73.

74. The allegations in Paragraph 74 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 74 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 74.

75. The allegations in Paragraph 75 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 75 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 75.

## COUNT III

**VIOLATION OF THE 13TH AMENDMENT TO THE UNITED STATES
CONSTITUTION AND THE TRAFFICKING VICTIMS PROTECTION ACT:
INVOLUNTARY SERVITUDE, 18 U.S.C. § 1584**

76. Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

77. The allegations in Paragraph 77 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 77 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 77.

78. Defendants Mustafa and Atallah deny the allegations in Paragraph 78.

79. The allegations in Paragraph 79 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 79 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 79.

80. The allegations in Paragraph 80 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 80 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 80.

81. The allegations in Paragraph 81 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 81 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 81.

82. The allegations in Paragraph 82 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 82 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 82.

## COUNT IV

**VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT:
UNLAWFUL CONDUCT WITH RESPECT TO DOCUMENTS
IN FURTHERANCE OF TRAFFICKING, 18 U.S.C. § 1592**

83. Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

84. The allegations in Paragraph 84 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 84 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 84. Defendants Mustafa and Atallah aver that they did not take and conceal Plaintiff's passport and U.S. visa upon her arrival in the United States, that at no time did they possess or conceal Plaintiff's passport while she was in the United States, and that to their knowledge Plaintiff had access to her passport.

85. The allegations in Paragraph 85 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 85 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 85.

86. The allegations in Paragraph 86 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 86 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 86.

87. The allegations in Paragraph 87 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 87 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 87.

## COUNT V

**VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT: BENEFITTING FINANCIALLY FROM TRAFFICKING, 18 U.S.C. § 1593A**

88. Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

89. The allegations in Paragraph 89 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 89 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 89.

90. The allegations in Paragraph 90 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 90 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 90.

91. The allegations in Paragraph 91 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 91 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 91.

92. The allegations in Paragraph 92 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 92 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 92.

93. The allegations in Paragraph 93 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 93 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 93.

## COUNT VI

**VIOLATION OF THE 13TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE KU KLUX KLAN ACT, 42 U.S.C. § 1985(3)**

Count VI was dismissed by the Court on August 2, 2016. (Dkt. 27.) As such, Defendants Mustafa and Atallah are not required to respond to the allegations in Paragraphs 94-100 of Plaintiff's Complaint. To the extent the Court deems a further response is required, Defendants Mustafa and Atallah deny Paragraphs 94-100 of the Complaint.

## COUNT VII

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

101.     Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

102.     The allegations in Paragraph 102 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 102 is required, Defendants Mustafa and Atallah deny that Plaintiff Lagayan was an "employee" of Defendants Mustafa and Atallah within the meaning of the FLSA.

103.     The allegations in Paragraph 103 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 103 is required, Defendants Mustafa and Atallah deny that Plaintiff Lagayan was a "non-exempt" employee of Defendants Mustafa and Atallah within the meaning of the FLSA.

104.     The allegations in Paragraph 104 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 104 is required, it is admitted.

105.     The allegations in Paragraph 105 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 105 is required,

16

Defendants Mustafa and Atallah deny that they employed Plaintiff Lagayan and, as such, the requirements of the cited statute do not apply to them.

106.     The allegations in Paragraph 106 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 106 is required, Defendants Mustafa and Atallah deny that they employed Plaintiff Lagayan and aver that they had no obligation to compensate Plaintiff Lagayan. Defendants Mustafa and Atallah deny that Plaintiff Lagayan requested money from them, and further deny that they made repeated statements that they would pay her certain amounts.

107.     The allegations in Paragraph 107 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 107 is required, Defendants Mustafa and Atallah deny that they employed Plaintiff Lagayan, and deny that they are liable to Plaintiff Lagayan for unpaid compensation and any of the related relief requested.

## COUNT VII

### FAILURE TO PAY MINIMUM WAGE
### UNDER THE LABOR LAWS OF THE DISTRICT OF COLUMBIA

108.     Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

109.     The allegations in Paragraph 109 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 109 is required, Defendants Mustafa and Atallah deny that Plaintiff Lagayan was an "employee" of Defendants Mustafa and Atallah within the meaning of the D.C. Minimum Wage Act.

110.     The allegations in Paragraph 110 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 110 is required,

Defendants Mustafa and Atallah deny that Defendants Mustafa and Atallah were "employers" within the meaning of the D.C. Minimum Wage Act.

111. The allegations in Paragraph 111 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 111 is required, it is admitted.

112. The allegations in Paragraph 112 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 112 is required, Defendants Mustafa and Atallah deny that they employed Plaintiff Lagayan and, as such, they deny that they willfully violated the cited statute.

113. The allegations in Paragraph 113 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 113 is required, Defendants Mustafa and Atallah deny that they employed Plaintiff Lagayan, deny that they are liable to Plaintiff Lagayan for unpaid compensation and any of the related relief requested.

## COUNT IX

### CIVIL CONSPIRACY

114. Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

115. The allegations in Paragraph 115 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 115 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 115.

116. The allegations in Paragraph 116 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 116 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 116.

117.     The allegations in Paragraph 117 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 117 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 117.

## COUNT X

### UNJUST ENRICHMENT

118.     Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

119.     Defendants Mustafa and Atallah deny the allegations in Paragraph 119.

120.     Defendants Mustafa and Atallah deny the allegations in Paragraph 120.

121.     The allegations in Paragraph 121 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 121 is required, they are denied.

122.     The allegations in Paragraph 122 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 122 is required, they are denied.

## COUNT XI

### QUANTUM MERUIT

123.     Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

124.     Defendants Mustafa and Atallah deny the allegations in Paragraph 124.

125.     Defendants Mustafa and Atallah deny the allegations in Paragraph 125.

126.        The allegations in Paragraph 126 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 126 is required, they are denied.

## COUNT XII

### FRAUDULENT INDUCEMENT

127.        Defendants Mustafa and Atallah fully incorporate their responses to the preceding paragraphs as if fully stated herein.

128.        The allegations in Paragraph 128 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 128 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 128.

129.        The allegations in Paragraph 129 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 129 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 129.

130.        The allegations in Paragraph 130 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 130 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 130.

131.        The allegations in Paragraph 131 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 131 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 131.

132.        The allegations in Paragraph 132 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 132 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 132.

133.     The allegations in Paragraph 133 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 133 is required, Defendants Mustafa and Atallah deny the allegations in Paragraph 133.

## COUNT XIII

### FALSE IMPRISONMENT

Count XIII (False Imprisonment) of the Complaint was dismissed by the Court on August 2, 2016. (Dkt. 27.) As such, Defendants Mustafa and Atallah are not required to respond to the allegations in Paragraphs 134-139 of Plaintiff's Complaint. To the extent the Court deems a further response is required, Defendants Mustafa and Atallah deny Paragraphs 134-139 of the Complaint.

## COUNT XIV

### BATTERY

Count XIV (Battery) of the Complaint is raised only against Defendant Lama Odeh and does not require a response from Defendants Mustafa and Atallah. To the extent the Court deems a further response is required, Defendants Mustafa and Atallah deny Paragraphs 140-145 of the Complaint.

### PRAYER FOR RELIEF

146.     The allegations in Paragraph 146 contain legal conclusions to which no response is required. To the extent the Court deems a further response to Paragraph 146 is required, they are denied.

## DEFENDANTS MUSTAFA ODEH AND SAMA ATALLAH'S
## <u>AFFIRMATIVE DEFENSES</u>

Defendants Mustafa Odeh and Sama Atallah submit the following grounds in affirmative defense to Counts I-V and VII-XII of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Counts VII and VIII of Plaintiff's Complaint alleging violations of the Fair Labor Standards Act and D.C. Minimum Wage Act fail to set forth a cause of action for which relief may be granted, because Defendants Mustafa Odeh and Sama Atallah were not "employers" of Plaintiff Lagayan within the meaning of the Fair Labor Standards Act or the D.C. Minimum Wage Act.

### SECOND AFFIRMATIVE DEFENSE

Count X of Plaintiff's Complaint alleging Unjust Enrichment fails to set forth a cause of action for which relief may be granted, because Plaintiff Lagayan did not confer a benefit on Defendants Mustafa Odeh and Sama Atallah.

### THIRD AFFIRMATIVE DEFENSE

Count XI of Plaintiff's Complaint alleging Quantum Meruit fails to set forth a cause of action for which relief may be granted, because Plaintiff Lagayan did not render services to Defendants Mustafa Odeh and Sama Atallah.

### FOURTH AFFIRMATIVE DEFENSE

Count VII of Plaintiff's Complaint, asserting a violation of the Fair Labor Standards Act, is barred by the applicable statute of limitations because she cannot establish willfulness.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's fails to state a claim for liquidated damages under Count VIII for violation of the D.C. Minimum Wage Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from obtaining multiple-recovery of compensatory damages for the same injury under Counts I-V, VII, VIII, X, and XI.[5]

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages under Counts VII, VIII, X, and XI are barred from recovery by payments made by Itidal Tubaileh and Defendant Lama Odeh for any work performed, services rendered, or benefits conferred by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants Mustafa Odeh and Sama Atallah reserve the right to assert any additional affirmative defenses based on facts they learn through discovery.

## NINTH AFFIRMATIVE DEFENSE

Counts I-III and V of Plaintiff's Complaint alleging violations of the Trafficking Victims Protection Act fail to set forth a cause of action for which relief may be granted, because Defendants Mustafa Odeh and Sama Atallah did not obtain labor or services from Plaintiff Lagayan.

## TENTH AFFIRMATIVE DEFENSE

Count IV (Unlawful Conduct with Respect to Documents in Furtherance of Trafficking) of Plaintiff's Complaint fails to set forth a cause of action for which relief may be granted, because Defendants Mustafa Odeh and Sama Atallah did not possess or conceal Plaintiff's passport, and Plaintiff had access to her passport.

---

[5] Defendants' Sixth Affirmative Defense has been amended to include additional Counts surviving their Motion to Dismiss.

## ELEVENTH AFFIRMATIVE DEFENSE

Count IX of Plaintiff's Complaint alleging Conspiracy fails to set forth a cause of action for which relief may be granted, because there was no agreement or meeting of the minds between the three Defendants to commit an unlawful action, or to commit a lawful act by unlawful means.

Respectfully submitted,

_____/s/_____
Seth C. Berenzweig (DC Bar #435391)
Stephanie D. Wilson (VA Bar #75576) (*pro hac vice*)
Berenzweig Leonard, LLP
8300 Greensboro Drive, Suite 1250
McLean, Virginia 22102
(703) 760-0402 (telephone)
(703) 462-8674 (facsimile)
sberenzweig@berenzweiglaw.com
swilson@berenzweiglaw.com
*Counsel for Defendants Mustafa Odeh and Sama Atallah*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2016, a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which gives notice to the following counsel of record:

Jonathan Ference-Burke (D.C. Bar #1001179)
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
jonathan.ference-burke@ropesgray.com

Joshua S. Levy (Massachusetts Bar #563017)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
joshua.levy@ropesgray.com
*Pro Hac Vice*

-and-

Martin J. Crisp (New York Bar #4230347)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
martin.crisp@ropesgray.com
*Pro Hac Vice*

*Attorneys for Plaintiff Fattima U. Lagayan*

_____/s/_____
Seth C. Berenzweig, Esq.
*Counsel for Defendants Mustafa Odeh*
*and Sama Atallah*

25